FILED'08 JUL '11 16:15USDC-ORE

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

DENZEL K. MORGAN,                               Civil No. 10-187-AA
                                                OPINION AND ORDER

      Plaintiff,

  vs.

MICHAEL J. ASTRUE,
Commissioner of Social Security,

      Defendant.

_____

Susan D. Isaacs
4915 SW Griffith Dr., Suite 105
Beaverton, OR 97005

Linda S. Ziskin
P.O. Box 2237
Lake Oswego, OR 97035
    Attorneys for plaintiff

Dwight C. Holton
United States Attorney
District of Oregon
Adrian L. Brown
Assistant United States Attorney
1000 SW Third Avenue, Suite 600
Portland, Oregon 97204

David R. Johnson
Special Assistant U.S. Attorney
Office of General Counsel

PAGE 1 - OPINION AND ORDER

Social Security Administration
701 Fifth Avenue, Suite 2900 M/S 901
Seattle, Washington 98104
    Attorneys for defendant

AIKEN, Chief Judge:

Plaintiff, Denzel Morgan, brings this action pursuant to the
Social Security Act (the Act), 42 U.S.C. § 405(g), to obtain
judicial review of a final decision of the Commissioner.  The
Commissioner denied plaintiff's application for Title II
disability insurance benefits (DIB) under the Act.  For the
reasons set forth below, the Commissioner's decision is affirmed
and this case is dismissed.

## PROCEDURAL BACKGROUND

On January 27, 2003, plaintiff protectively filed an
application for DIB.  Tr. 73.  After the application was denied
initially and upon reconsideration, plaintiff timely requested a
hearing before an administrative law judge (ALJ).  On August 24,
2005, an ALJ hearing was held before the Honorable Ralph W.
Jones.  Tr. 508-33.  At the hearing, testimony was taken from
plaintiff, a medical expert, and a vocational expert.  Id.  On
September 22, 2005, ALJ Jones issued a decision finding plaintiff
not disabled within the meaning of the Act.  Tr. 39.  After the
Appeals Council declined to review the ALJ decision, plaintiff
appealed to the court.

That litigation resulted in a settlement offer by the
Commissioner to remand the case, pursuant to the terms of the
stipulated agreement.  See Order for Remand, Case No. 3:06-CV-
1182-MO, July 6, 2007; see also Tr. 569.  On remand, a new

PAGE 2 - OPINION AND ORDER

administrative hearing was held before the Honorable Linda R. Haack on June 12, 2008. Tr. 824-85. Medical testimony was taken at that hearing from Drs. Robert McDevitt and David Rullman. Tr. 824-884. On January 7, 2009, after plaintiff underwent two consultive examinations to further develop the record, a second hearing was held with ALJ Haack, wherein no additional testimony was heard. Tr. 886-7. On June 3, 2009, ALJ Haack issued a decision finding that plaintiff failed to prove that she had a severe impairment on or before the date last insured (DLI). Tr. 549-64. Therefore, ALJ Haack found plaintiff not disabled within the meaning of the Act. Tr. 564. After unsuccessfully submitting Exceptions to the Appeals Council, plaintiff filed a complaint in this Court. Tr. 5-7.

## STATEMENT OF THE FACTS

Born May 20, 1967, plaintiff was 33 years old on the alleged onset date of disability, 38 years old on the date of the first hearing, 41 years old on the date of the second hearing, and 42 years old at the time of the third hearing. Tr. 71. Plaintiff dropped out of high school during her freshman year, but later earned her GED. Tr. 797. From August 1998, to September 2002, plaintiff performed administrative tasks at a church where her husband was a pastor. Tr. 99. Plaintiff also has past relevant work experience as a department store photographer, cashier, and office manager. Tr. 28, 99.

Plaintiff alleges disability beginning November 15, 2000, due to fibromyalgia, depression, migraines, adrenal fatigue, and

PAGE 3 - OPINION AND ORDER

anxiety.  Tr. 552-3; Plf.'s Opening Brf. at pg. 2.  Her DLI was
September 30, 2002.  Tr. 550.

## STANDARD OF REVIEW

This Court must affirm the Secretary's decision if it is
based on proper legal standards and the findings are supported by
substantial evidence in the record.  Hammock v. Bowen, 879 F.2d
498, 501 (9th Cir. 1989).  Substantial evidence is "more than a
mere scintilla.  It means such relevant evidence as a reasonable
mind might accept as adequate to support a conclusion."
Richardson v. Perales, 402 U.S. 389, 401 (1971)(quoting
Consolidated Edison Co. v. N.L.R.B., 305 U.S. 197, 229 (1938)).
The court must weigh "both the evidence that supports and
detracts from the Secretary's conclusions."  Martinez v. Heckler,
807 F.2d 771, 772 (9th Cir. 1986).

The initial burden of proof rests upon the claimant to
establish disability.  Howard v. Heckler, 782 F.2d 1484, 1486
(9th Cir. 1986).  To meet this burden, plaintiff must demonstrate
an "inability to engage in any substantial gainful activity by
reason of any medically determinable physical or mental
impairment which can be expected . . . to last for a continuous
period of not less than 12 months. . . ."  42 U.S.C.
§ 423(d)(1)(A).

The Secretary has established a five-step sequential process
for determining whether a person is disabled.  Bowen v. Yuckert,
482 U.S. 137, 140 (1987); 20 C.F.R. §§ 404.1502, 416.920.  First,
the Secretary determines whether a claimant is engaged in

PAGE 4 – OPINION AND ORDER

"substantial gainful activity." If so, the claimant is not disabled. Yuckert, 482 U.S. at 140; 20 C.F.R. §§ 404.1520(b), 416.920(b).

In step two the Secretary determines whether the claimant has a "medically severe impairment or combination of impairments." Yuckert, 482 U.S. at 140-41; see 20 C.F.R. §§ 404.1520(c), 416.920(c). If not, the claimant is not disabled.

In step three the Secretary determines whether the impairment meets or equals "one of a number of listed impairments that the Secretary acknowledges are so severe as to preclude substantial gainful activity." Id.; see 20 C.F.R. §§ 404.1520(d), 416.920(d). If so, the claimant is conclusively presumed disabled; if not, the Secretary proceeds to step four. Yuckert, 482 U.S. at 141.

In step four the Secretary determines whether the claimant can still perform "past relevant work." 20 C.F.R. §§ 404.1520(e), 416.920(e). If the claimant can work, she is not disabled. If she cannot perform past relevant work, the burden shifts to the Secretary.

In step five, the Secretary must establish that the claimant can perform other work. Yuckert, 482 U.S. at 141-42; see 20 C.F.R. §§ 404.1520(e) & (f), 416.920(e) & (f). If the Secretary meets this burden and proves that the claimant is able to perform other work which exists in the national economy, she is not disabled. 20 C.F.R. §§ 404.1566, 416.966.

**DISCUSSION**

## I.   The ALJ's Findings

At step one of the five-step sequential evaluation process outlined above, ALJ Haack found that plaintiff had not engaged in substantial gainful activity since the alleged onset date.  Tr. 552, Finding 2.  This finding is not in dispute.  At step two, the ALJ found that plaintiff did not have any severe impairments on or before September 2002, the DLI.  Tr. 552, Finding 3. Accordingly, the ALJ found that plaintiff was not disabled and denied benefits.  Tr. 564.  This finding is in dispute.

## II.   Plaintiff's Allegations of Error

Plaintiff's primary allegation of error is that the ALJ failed to follow this District's remand order in subsequent proceedings.  See Plf.'s Opening Brf. at pg. 14.  Plaintiff also alleges that ALJ Haack erred by 1) rejecting lay witness statements; and 2) finding plaintiff's physical and mental impairments to be non-severe.

### A.   Failure to Follow the Remand Order

Plaintiff asserts that ALJ Haack failed to follow the remand order because her findings differed from that of ALJ Jones. Plf.'s Opening Brf. at pg. 14; Plf.'s Reply Brf. at pg. 2. However, plaintiff does not specifically elaborate how these differences evidenced a failure to follow the remand order. Accordingly, this Court need not address this argument.  See Carmickle v. Commissioner, 533 F.3d 1155, 1161 & n.2 (9th Cir. 2008) ("[w]e do not address this finding because [plaintiff]

PAGE 6 - OPINION AND ORDER

failed to argue this issue with any specificity in his
briefing").

Regardless, I find that the ALJ complied with the remand
order. In relevant part, the remand order required that the ALJ
"re-evaluate the medical evidence to assess the severity of
[p]laintiff's impairments and any resulting limitations; re-
evaluate the credibility of [p]laintiff's subjective complaints;
[and] further evaluate the lay testimony." Order for Remand,
Case No. 3:06-CV-1182-MO, July 6, 2007.

This is precisely what occurred. The first hearing with ALJ
Haack lasted over two hours and involved thorough testimony from
two medical experts. Tr. 826-84. Afterward, the ALJ considered
additional medical evidence and obtained two consultive
examinations. Tr. 705-818. The second hearing with ALJ Haack
lasted over an hour and involved considerable discussion between
the ALJ and plaintiff's attorney regarding the medical evidence.
Tr. 887-915. Subsequently, the ALJ obtained additional written
opinions from the medical experts and received an additional
opinion from Dr. Marc Lewis, plaintiff's treating physician. Tr.
823. Finally, the ALJ issued a comprehensive sixteen-page
opinion, in which she expressly addressed the severity of
plaintiff's impairments based upon the medical evidence, the
credibility of plaintiff's subjective complaints, and the lay
testimony. Tr. 549-64.

Thus, the record demonstrates that the ALJ engaged in an
extensive evaluation of the medical evidence and of plaintiff's

PAGE 7 - OPINION AND ORDER

alleged disability, in accordance with the express terms of the remand order. The record further shows that new evidence was obtained and considered to reach a different result. Therefore, it is not surprising, nor is it grounds for reversible error, that this re-evaluation resulted in findings divergent from those of the first ALJ. As such, I find no basis to overturn the ALJ's decision for failure to follow the remand order.

B. Third-Party Testimony

Plaintiff also alleges that the ALJ improperly rejected lay testimony because the ALJ used a similar reason to discredit each lay witness, thereby failing to give specific reasons "germane to each declarant." Plf.'s Opening Brf. at pg. 20.

Lay testimony regarding a claimant's symptoms or how an impairment affects ability to work "is competent evidence that an ALJ must take into account," unless the ALJ "expressly determined to disregard such testimony and gives reasons germane to each witness for doing so." Lewis v. Apfel, 236 F.3d 503, 511 (9th Cir. 2001). The reasons "germane to each witness" must be specific. Stout v. Comm'r, 454 F.3d 1050, 1054 (9th Cir. 2006); see also 20 C.F.R. §§ 404.1513(d)(4), (e). However, in rejecting lay testimony, the ALJ need not cite to the specific record as long as "arguably germane reasons" for dismissing the testimony are noted, even though the ALJ does "not clearly link his determination to those reasons," and substantial evidence supports the ALJ's decision. Lewis, 236 F.3d at 512.

Here, the record contains numerous written statements

PAGE 8 - OPINION AND ORDER

supporting plaintiff's claim of disability.  Tr. 561.  These
include statements from the plaintiff's sisters, Angela Sheets
and Connie Keel; adult son, Brad Morgan; husband, Jerry Morgan;
brother-in-law, Steve Sheets; and friends, Tina Spurlock, Steve
Spurlock, and Rebecca Talent.  Tr. 609-12, 146-55.  These letters
generally describe an individual who functioned well, but who now
exhibits difficulties with nearly all activities.  Id.

The ALJ separately addressed the statements of each of the
third-party witnesses, devoting a paragraph to each witness's
statement.  Tr. 562-4.  The ALJ noted that each statement was
provided well after the plaintiff was no longer insured.  Id.
Further, in each instance, the ALJ found that the statements
submitted were vague regarding the timing of the witnessed
behavior.  Id.  Because the statements were not concurrent
observations and because these observations were in no way linked
to past dates that occurred on or before the DLI, the ALJ
separately found that each statement did not establish a
medically determinable impairment within the relevant time
period.  Id.

Thus, while plaintiff is correct that the third-party
testimony was discredited for a similar reason, such a fact does
not, in and of itself, establish reversible error.  See Valentine
v. Commissioner, 574 F.3d 685, 694 (9th Cir. 2009) (one germane
reason is sufficient to discredit statements from lay witnesses).
Accordingly, I find that the ALJ provided germane and specific
reasons for rejecting the statements of each third-party witness.

PAGE 9 - OPINION AND ORDER

## C.   The ALJ's Step Two Finding

Finally, plaintiff alleges that the ALJ erred in finding plaintiff's physical and mental impairments to be non-severe. Specifically, plaintiff argues that the ALJ erred 1) because the ALJ's "finding is unsupportable, as it was made based on the same evidence relied upon by the first ALJ," who did find that plaintiff had severe impairments; 2) by failing to consider the effects of plaintiff's non-severe impairments in assessing her ability to work; 3) by failing to fully address the Appeals Council Remand Order (the "Order"), in which plaintiff's gallbladder and IBS impairments were found to be severe; and 4) by determining that plaintiff's fibromyalgia and mental impairments were non-severe.   Plf.'s Opening Brf. at pg. 15.

### 1.   Medical Evidence

Contrary to plaintiff's assertion, ALJ Haack did not base her opinion on the same evidence as ALJ Jones.   As discussed in Section II(A), above, the record shows that ALJ Haack considered extensive additional evidence, and explicitly found that "new evidence obtained during these proceedings after remand" informed her decision.   Tr. 552.   Therefore, plaintiff's allegation that ALJ Haack relied on the same evidence as the prior ALJ to reach a different conclusion is not supported by the record.

### 2.   Plaintiff's Non-Severe Impairments

The ALJ did not err by failing to consider the effects of plaintiff's non-severe impairments in assessing her disability.

PAGE 10 - OPINION AND ORDER

At step two, the ALJ determined that plaintiff did not have any severe impairments on or before the DLI, and therefore, was not disabled. Tr. 552-4, 564. If a finding of non-disability is made, "the SSA will not review the claim further." Barnhart v. Thomas, 540 U.S. 20, 24 (2003). Therefore, the ALJ was not required, after making a finding of non-disability, to address plaintiff's non-severe impairments at subsequent steps of the five-step analysis.

### 3. The Appeals Council Order

Plaintiff mischaracterizes the Appeals Council's Order and the ALJ's discussion of plaintiff's impairments. The Order simply restated the impairments that ALJ Jones found severe, which were IBS, asymptomatic cholelithiasis, fibromyalgia, and lumbar pain secondary to mild arthritis. Tr. 38, Finding 3. The Appeals Council then noted that "the evidence of record does not support a finding of severe fibromyalgia or impairment of the lumbar spine prior to the date of the last insured." Tr. 574. However, the Order in no way affirmatively stated, as plaintiff argues, that plaintiff's gallbladder problems and IBS are severe impairments that must serve as a basis of disability. Rather, consistent with this District's remand order, ALJ Haack was required to re-evaluate the medical evidence and make new findings.

Further, the ALJ did address these impairments, and determined that they were non-severe. The ALJ noted a three month period of complaints of occasional "abdominal pain

beginning in March 2000." Tr. 553. However, plaintiff resolved these problems and reported "having much less" discomfort in June 2000. Tr. 185, 553. Thereafter, plaintiff did not complain of abdominal pain "for almost another 2 years." Tr. 553, 560.

The ALJ noted that the recurrence of pain was again treated successfully between February and May 2002. Tr. 553-4. Further treatment was not sought until well after the DLI. Tr. 554. Because plaintiff's stomach problems did not last for a continuous period of at least 12 months, the ALJ determined that they were not severe. Barnhart v. Walton, 535 U.S. 212, 217 (2002) (both impairments and inability to work must last twelve months to satisfy the definition of disability). Therefore, despite plaintiff's contentions to the contrary, the ALJ did not "forget to make findings" regarding these impairments. Additionally, I find that substantial evidence supports the ALJ's finding.

Regardless, even assuming that the ALJ erred and both impairments are severe, they still would not meet or equal a listed impairment at step three, or prevent plaintiff from returning to her past relevant work at step four. Therefore, if the ALJ had truly failed to address these impairments, it would have been nonprejudicial to plaintiff. As such, the error would have been harmless. Stout v. Comm'r of Soc. Sec. Admin., 454 F.3d 1050, 1055 (9th Cir. 2006)(mistakes that are "nonprejudicial to the claimant or irrelevant to the ALJ's ultimate disability conclusion" are harmless error).

### 4. Plaintiff's Fibromyalgia and Mental Impairments

Finally, and most importantly, substantial evidence supports the ALJ's findings that plaintiff had no severe physical or mental impairments on or before the DLI. A plaintiff seeking DIB bears the burden of proof and must show that she was "either permanently disabled or subject to a condition which became so severe as to disable [her] prior to the date upon which [her] disability insured status expired." <u>Armstrong v. Commissioner of Social Sec. Admin.</u>, 160 F.3d 587, 589-90 (9th Cir. 1998) (interpreting 42 U.S.C.A. § 423(c) and SSR 83-20). However, where the onset date of disability is unclear, the ALJ is "required to call a medical expert to assist in determining exactly when various impairments of claimant seeking [DIB] became disabling . . . before ALJ could infer onset date." <u>Id.</u>

### I. Physical Impairments

It is undisputed that plaintiff's diagnosis of fibromyalgia did not occur until after her insurance lapsed. Tr. 554; Plf.'s Opening Brf. at pg. 15. However, plaintiff could still be entitled to benefits if she presented medical evidence that would enable the ALJ to "reasonably infer that the onset of a disabling impairment(s) occurred some time prior to the date of the first recorded medical examination." <u>Id.</u>; <u>see also</u> SSR 83-20. Plaintiff had ample opportunity during her second and third hearings to point to any medical evidence that could be interpreted as supporting a diagnosis of fibromyalgia prior to September 2002. However, plaintiff offered no such evidence

PAGE 13 - OPINION AND ORDER

other than her own subjective testimony, which was properly discredited. Tr. 900-5.

Because the onset date was unclear, ALJ Haack called two medical experts, Drs. Robert McDevitt and David Rullman, to assist in determining the onset date. Dr. Rullman spoke to plaintiff's physical disabilities and testified that while he does not dispute plaintiff's 2003 diagnosis of fibromyalgia, he found nothing in the record to suggest any functional limitations on or before the DLI. Tr. 866-74. Accordingly, the ALJ found that plaintiff had failed to show that she suffered from a severe physical impairment during the relevant period. Tr. 557-60, 564. Based on the record, I find that the ALJ's determination that plaintiff's physical impairments were non-severe on or before the DLI is supported by substantial evidence.

### ii. Mental Impairments

Lastly, plaintiff asserts that both ALJ Jones and ALJ Haack erred by finding plaintiff's mental impairments to be non-severe. Plaintiff argues that such a finding was improper "because [the ALJ] failed to consider that there may have been a psychological basis for plaintiff's pain." Plf.'s Opening Brf. at pg. 15-6. As such, plaintiff maintains that she is at least entitled to remand for further development of the record.

The possibility that there may have been a psychological basis for the degree of plaintiff's symptoms is insufficient to establish a limitation when there is a negative credibility finding. Thomas v. Barhart, 278 F.3d 947, 959 (9th Cir. 2002)

("[h]aving determined that [plaintiff's] subjective complaints of pain were not credible, the ALJ had no need to explore whether [plaintiff's] pain was psychologically related, because pain is subjective and depends on the credibility of the claimant"). Here, plaintiff does not dispute the ALJ's negative credibility finding.  Tr. 559-61; Plf.'s Opening Brf. at pgs. 1-21. Therefore, I find that the ALJ was not required to further inquire as to whether plaintiff's pain was psychologically related.

Moreover, the ALJ discussed in great detail the other medical evidence relating to plaintiff's mental impairments.  The only piece of psychological evidence in the record is a Mental Status Report from Dr. Noval.  Tr. 242, 831.  There is no record of plaintiff seeking any other psychological treatment before or after her DLI.  Dr. Noval's report reflects that plaintiff was treated for approximately one year, beginning on March 23, 2002, for "sporadic groups of weekly sessions."  Tr. 242.  While Dr. Noval opined that plaintiff had severe anxiety and depression, she also stated that "patient reports feeling more in control of her panic/anxiety and less depressed."  Tr. 242-3.  Dr. Noval also noted that plaintiff was "capable of managing [activities of daily living]" and reported "good relationships w/ spouse, son, sister, and close friends."  Tr. 243.  Regardless, Dr. Noval opined that "a consistent place of work in a supportive setting is indicated" and "a structured environment is preferred."  Tr. 244.

Efforts by plaintiff's attorney to re-contact Dr. Noval failed, and as such, plaintiff was unable to determine if Dr. Noval had made any additional notes during the relevant period. Tr. 861. Thus, remanding this case for further proceedings will not resolve this insufficiency. Regardless, both Drs. Rullman and McDevitt testified that plaintiff's medical condition, at most, caused mild limitations. Tr. 557-8. Mild psychological impairments are appropriately considered non-severe. 20 C.F.R. § 404.1520a(d)(1); see also Saelee v. Chater, 94 F.3d 520, 522 (9th Cir. 1996).

As such, I find that there is more than a scintilla of evidence to support the ALJ's finding that plaintiff had failed to establish any severe impairments on or before the date last insured. Further, I find that the ALJ's interpretation of the record was based upon the correct legal standard. Since ALJ Haack's finding of non-disability at step two must be affirmed, this Court declines to discuss plaintiff's other allegations of error relating to subsequent steps of the five-step sequential process.

## CONCLUSION

The Commissioner's decision is based on substantial evidence and the proper legal standard, and is therefore, affirmed. This case is dismissed.

///

///

///

PAGE 16 - OPINION AND ORDER

IT IS SO ORDERED.
        Dated this ⁷ᵗʰ day of July 2011.

                                    _____
                                              Ann Aiken
                                    United States District Judge